UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| JOHN DOE, | ) | CASE NO. 3:20-cv-00379 JWD-SDJ |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) | **MOTION TO PROCEED UNDER** |
| LOUISIANA STATE UNIVERSITY, *et. al.*, | ) | **PSEUDONYM AND FOR PROTECTIVE** |
|  | ) | **ORDER** |
|  | ) |  |
| Defendants. | ) |  |

Plaintiff John Doe respectfully requests that this Court enter an order permitting him to proceed under pseudonym and granting him a Protective Order. The reasons for this motion are stated more fully in the accompanying Memorandum of Law in Support.

Respectfully Submitted,

*/s/ John S. McLindon*
**John S. McLindon (La Bar Roll No. 19703)**
**Brant M. Mayer    (La Bar Roll No. 36569)**
12345 Perkins Road, Building 2-Suite 202
Baton Rouge, LA 70810
P: (225) 408-0362
F: (877) 241-2631
E: mclindon@lawbr.net; mayer@lawbr.net

**Susan C. Stone*  (Ohio Atty R. No. 0064445)**
**Kristina W. Supler* (Ohio Atty R. No. 0080609)**
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com

*\*Motion to Admit Pro Hac Vice pending*
*Counsel for Plaintiff John Doe*

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO PROCEED UNDER PSEUDONYM AND FOR PROTECTIVE ORDER

Plaintiff John Doe requests that he be permitted to proceed in the above-captioned matter anonymously in order to maintain and protect his privacy as he seeks redress against the Defendants Louisiana State University ("LSU") and Thomas C. Galligan, Jr., in his official capacity as Interim President of Louisiana State University, for their blatant discrimination against John and denial of John's rights to due process, stemming from Jane Roe's baseless allegation of nonconsensual sexual activity.

John's claims arise from Defendants' conduct in the course of a confidential student conduct investigation and decision and involve matters of the utmost privacy and intimacy, including John and Jane's sexual encounter and Jane's allegations of nonconsensual sexual activity. Further, identifying John by his real name in the Verified Complaint would lead to public access and association of his name with LSU and its erroneous finding of nonconsensual sexual activity, causing him irreparable reputational harm and discrimination. LSU and Mr. Galligan are fully aware of John's and Jane's identities and will not be prejudiced in any way by John proceeding under pseudonym. The anonymity of Jane should be preserved as well.

As demonstrated below, well-established precedent supports permitting John to proceed anonymously.

**I.     BACKGROUND**

In bringing this action, John seeks injunctive relief so as to estop LSU and Mr. Galligan from enforcing a highly severe, unwarranted, and undeserved sanction against John, following an erroneous determination of John's responsibility in an unjust and wholly one-sided investigation.

As more fully developed in the Verified Complaint, LSU informed John on February 4, 2020 that it was investigating an allegation that John had engaged in non-consensual sexual

intercourse. LSU's notice failed to identify the complainant, failed to specify where the incident allegedly occurred, and failed to provide any details describing his alleged actions. After baselessly concluding that it was more likely than not that John had violated LSU's sexual misconduct policies, LSU commenced its formal resolution process. Despite assurances in LSU's Permanent Memorandum 73 Title IX and Sexual Misconduct Policy ("PM-73") that John would be notified in writing as to the date, time, and location of the formal resolution process, John received no such notice. Instead, LSU only notified John *after* the formal resolution process had taken place and determined that, by a preponderance of the evidence standard, John had likely violated LSU's sexual misconduct policy. LSU later agreed to rehear John's case in a University Hearing Panel, then one month later unilaterally revoked that decision. LSU has consistently blamed John for his failure to abide by LSU's incomprehensible policies, all the while LSU has held Jane's hand through the process and went out of its way to explain the process to her and her parents, more than one.

  LSU's actions blatantly violated John's due process rights, discriminated against him on the basis of his sex, and breached its contractual obligations to him. John was denied the right to review the evidence against him during the investigation. John was denied the right to know the time, date, and location of the formal resolution process, as guaranteed in PM-73. John was denied the right to a University Hearing Panel, and therefore denied to right to cross-examine any witnesses against him. In contrast, Jane Doe enjoyed greater communication and rights with LSU, which was denied to John on the basis of his sex. The unfair and rushed process has resulted in John's suspension from LSU for at least one year, which subsequently led to his removal from the LSU football team and loss of his full athletic scholarship. Defendant's continuing actions against John have caused substantial, immediate and continuing damages.

## II.     **DISCUSSION**

Fed. R. Civ. P. 10(a) requires that a complaint name all parties. In deciding whether to excuse compliance with Fed. R. Civ. P. 10(a) and permit a party to proceed anonymously, a court must "balance[e] [] considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). The Fifth Circuit has rejected that there is any "hard and fast formula" for deciding whether a party may proceed anonymously. *Doe v. Harris*, No. 14-0802, 2014 U.S. Dist. LEXIS 118342 at *4 (W.D. La. Aug. 25, 2014). Rather, a court is to consider the following factors, which "are entitled to considerable weight: (1) whether plaintiff is challenging governmental activity; (2) whether prosecution of the suit requires plaintiff to disclose information of utmost intimacy; and (3) whether plaintiff is compelled to admit [his] intention to engage in illegal conduct, thereby risking criminal prosecution." *Id.* at 5.

In a recent, nearly identical case from within the Fifth Circuit, the plaintiff was permitted to proceed anonymously. *See Doe. v. Univ. of Mississippi*, No. 3:18-cv-138-DPJ-FKB, 2018 U.S. Dist. LEXIS 58972 at *1 (S.D. Miss. Apr. 6, 2018). Specifically, *Univ. of Mississippi* arose following a sexual encounter between Andrew Doe and Bethany Roe. Andrew Doe asserted that the sexual encounter was consensual and challenged the legality of the university's investigation, which failed to consider considerable exculpatory evidence in Andrew Doe's favor before suspending him from the university. In permitting Andrew Doe to proceed anonymously, the court noted "his suit challenges governmental activity, requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime." *Id.* at *3.

The same rational from *Univ. of Mississippi* applies here so that John Doe should be

permitted to proceed anonymously. John's Verified Complaint challenges the legality of LSU's and Mr. Galligan's actions. State universities are considered arms of the state. *Carpenter v. Miss. Valley State Univ.*, 807 F. Supp. 2d 570, 580 (N.D. Miss. Aug. 10, 2011). Further, courts have acknowledged that the President of the LSU system is a state official. *See Johnson v. Louisiana*, No. 01-2002, 2002 U.S. Dist. LEXIS 1284 at *16 (E.D. La. Jan. 18, 2002). John is therefore challenging government activity. Moreover, at the heart of this case is the sexual encounter between John Doe and Jane Roe, and so this case will necessarily require the disclosure of intimate details. Like in *Univ. of Mississippi*, this case centers upon Jane's allegation that John committed a serious crime which, albeit false, is nevertheless a grave matter with potentially lifelong implications. The factors of the Fifth Circuit's test strongly weigh in favor of John being able to proceed anonymously.

Defendants will not be harmed in any way by granting John's request to proceed anonymously. Defendants will not be deprived of information to defend against John's case, as written discovery and depositions can proceed as usual. Defendants also already knows the true identities of John and Jane.

Indeed, the weight of authority across the country weighs in favor of allowing John to proceed under a pseudonym. *See, e.g.*, *Doe v. Univ. of the South*, 687 F. Supp. 2d 744, 764 (E.D. TN 2009) (overruling university's objections to Magistrate Judge Lee's Memorandum and Order that granted the plaintiffs' motion to proceed under pseudonyms); *Doe v. Alger*, 317 F.R.D. 37, 42 (W.D. VA 2016) ("[T]he court concludes that Doe's privacy interest outweighs the presumption of openness in judicial proceedings and that he may thus proceed anonymously in this case. The court also finds good cause to protect Roe and the other students involved in the disciplinary proceedings, and so the use of their real names will be prohibited as well."); *Doe v.*

*Rector and Visitors of George Mason Univ.*, 179 F. Supp. 3d 583, 594 (E.D. VA 2016) ("[T]he use of a pseudonym is an appropriately tailored means of protecting plaintiff's and Roe's interests without unduly restricting public access to the litigation materials."); *Doe v. Brown Univ.*, C.A. No. 15-144 (D.R.I. Apr. 14, 2015); *Doe v. Brandeis*, 117 F. Supp.3d 561 (D. Mass. 2016) (permitting the use of a pseudonym after weighing factors because plaintiff could be subject to "social stigmatization" if his identity were disclosed in a lawsuit against the university which found him responsible for sexual misconduct).

As the foregoing authority demonstrates, John's privacy interest outweighs the public's interest in open court proceedings and protection of his identity will not prejudice Defendants. Moreover, John is also seeking to protect the identity of Jane. *See Univ. of Mississippi* at *4 (finding it appropriate that Bethany Roe be address anonymously given that litigation would involve extraordinarily intimate details and her right to privacy outweighed the public's right to know her identity).

### III.  CONCLUSION

The nature of this case requires that John be able to pursue this action while protecting his identify because his privacy and security interests far outweigh the public's interest in full disclosure. He requests that this Court enter an order permitting him to proceed by pseudonym and granting him a Protective Order.

Respectfully Submitted,

*/s/ John S. McLindon*
**John S. McLindon (La Bar Roll No. 19703)**
**Brant M. Mayer    (La Bar Roll No. 36569)**
12345 Perkins Road, Building 2-Suite 202
Baton Rouge, LA 70810
P: (225) 408-0362
F: (877) 241-2631
E: mclindon@lawbr.net; mayer@lawbr.net

**Susan C. Stone*  (Ohio Atty R. No. 0064445)**
**Kristina W. Supler* (Ohio Atty R. No. 0080609)**
KOHRMAN JACKSON & KRANTZ, LLP
1375 E. 9th Street, 29th Floor
Cleveland, OH 44114
P: (216) 696-8700
F: (216) 621-6536
E: scs@kjk.com; kws@kjk.com

*\*Motion to Admit Pro Hac Vice pending*
*Counsel for Plaintiff John Doe*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing Motion to Proceed under Pseudonym has been filed electronically on this 18th day of June, 2020.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties not receiving service through the Court's electronic filing system will be served by regular U.S. mail.  Parties may access this filing through the Court's system.

*/s/ John S. McLindon*
John S. McLindon