UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **JOHN DOE** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-379-BAJ-SDJ** |
| **LOUISIANA STATE UNIVERSITY, ET AL.** | |

## ORDER

Before the Court is Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order (R. Doc. 2). For the reasons set forth below, Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order (R. Doc. 2) is granted.

### I.     Background

On the evening of January 23-24, 2020, Plaintiff John Doe engaged in sexual intercourse with non-party Jane Roe.[1] Jane Roe subsequently filed a complaint against Plaintiff, claiming the encounter was not consensual.[2] Defendant Louisiana State University ("LSU") conducted an investigation into Jane Roe's claims, after which Plaintiff was suspended from LSU for one year, was removed from the football team, and lost his full athletic scholarship.[3] On June 18, 2020, Plaintiff John Doe filed the instant action against Defendant Louisiana State University and Thomas C. Galligan, seeking injunctive relief against Defendants to prevent them from enforcing these penalties.[4] Plaintiff alleges that during its investigation and formal resolution process, LSU

---

[1] R. Doc. 1, p. 10.
[2] R. Doc. 1, p. 11.
[3] R. Doc. 2, p. 3.
[4] R. Doc. 1, p. 23.

violated Plaintiff's due process rights, discriminated against him on the basis of his sex, and breached its contractual obligations to Plaintiff.[5]

On the same day that Plaintiff filed his Complaint against Defendants, he filed the instant Motion to Proceed Under Pseudonym and for Protective Order ("Motion").[6] In his Motion, Plaintiff seeks permission to proceed in this litigation anonymously "in order to maintain and protect his privacy."[7] Plaintiff also requests that the anonymity of Jane Roe be preserved as well.[8]

## II.    Law and Analysis

Rule 10(a) of the Federal Rules of Civil Procedure requires that a "complaint must name all the parties." "This rule protects the public's legitimate interest in knowing all the facts involved in the case, including the parties' identities." *Doe v. Compact Info. Systems, Inc.*, No. 13-5013, 2015 WL 11022761, at *3 (N.D. Tex. Jan. 26, 2015) (citation omitted). "Nonetheless, under some circumstances a party may proceed anonymously or under a pseudonym." *Doe v. Griffon Mgmt. LLC*, No. 14-2626, 2014 WL 7040390, at *1 (E.D. La. Dec. 11, 2014). Per the Fifth Circuit, whether to allow a party to proceed anonymously "requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981).

Factors to consider in determining whether anonymity is warranted include whether the plaintiff seeking anonymity is suing to challenge governmental activity, whether prosecution of the case will compel plaintiff to disclose information "of the utmost intimacy," and whether the plaintiff will be compelled to admit his intention to engage in illegal conduct. *Id.* at 185 (citation

---

[5] R. Doc. 2, p. 3.
[6] R. Doc. 2.
[7] R. Doc. 2, p. 2.
[8] R. Doc. 2, p. 2.

omitted).  Other factors courts have considered also include potential threats of violence, the prejudicial impact on the defendants if the plaintiff is allowed to proceed anonymously, and fairness to the public.  *Compact Info. Systems,* 2015 WL 11022761, at *3 (citations omitted).  "Because none of the factors are dispositive, but deserve consideration, a Judge should carefully review *all* the circumstances of a given case and then decide whether the customary practice of disclosing the plaintiff's identity should yield to the plaintiff's privacy concerns."  *Id.* (quoting *Doe v. Frank*, 951 F.2d 320, 323 (11th Cir. 1992) (internal quotations and punctuation omitted) (emphasis in original).  "In the end, the primary concern underlying the relevant factors is whether the plaintiff likely would suffer real and serious harm if [he] were not permitted to use a pseudonym."  *Doe ex rel. Doe v. Harris*, No. 14-802, 2014 WL 4207599, at *2 (W.D. La. Aug. 25, 2014) (citing *Victoria W. v. Larpenter*, No. 00-1960, 2001 WL 406334, at *1 (E.D. La. Apr. 17, 2001)).

Applying these factors here, the Court finds that they weigh in favor of allowing Plaintiff to proceed in this case under a pseudonym.  Plaintiff's case challenges governmental activity by challenging the formal resolution process of LSU, a State entity.[9]  Plaintiff's suit also requires the disclosure of intimate details relating both to Plaintiff and Jane Roe, and it arises from an allegation that Plaintiff committed a serious offense.  *See Doe v. Univ. of Miss.*, No 18-138, 2018 WL 1703013, *2 (S.D. Miss. Apr. 6, 2018) ("[Plaintiff's] suit challenges governmental activity, requires the disclosure of intimate details relating to both himself and another individual, and centers upon an allegation that he committed a serious crime  Accordingly, the plaintiff should be

---

[9] *See, e.g., Raj v. La. State Univ.*, 714 F.3d 322, 328-29 (5th Cir. 2013) (finding Louisiana State University Board to be an arm of the state in the context of Eleventh Amendment immunity because, *inter alia*, LSU is characterized as an arm of the state by state law; it was created by state law, and its Board is part of the executive branch of state government; it receives state funding as an executive branch agency and pays judgments against it from state funds; its purpose under state law is statewide, not local; and the Board has the right to sue and be sued in its own name and hold property, but LSU itself does not).

permitted to proceed without public disclosure of his identity."). Further, the Court can find no prejudice to Defendants by allowing Plaintiff to proceed pseudonymously; Defendants know the identities of both Plaintiff and Jane Roe and will be able to conduct this litigation without impediment. *See Doe v. Colgate Univ.*, No. 15-1069, 2016 WL 1448829, at *3 (N.D.N.Y. Apr. 12, 2016) ("Furthermore, Defendants are aware of Plaintiff's true identity and will have an uninhibited opportunity to litigate this matter regardless of whether Plaintiff's identity is disclosed publicly.").

In addition to weighing the factors, the Court recognizes that this particular type of case, in which a male student sues a university that found him guilty of committing sexual assault after an allegedly flawed and deficient disciplinary proceeding, is a target for increased media attention. *Doe v. Brown Univ.*, 166 F.Supp.3d 177, 180 (D.R.I. 2016). In the past few years, cases involving alleged sexual assault on college and university campuses "have garnered significant media attention, posing the risk of further reputational harm to both the plaintiffs in these cases and their accusers." *Colgate Univ.*, 2016 WL 1448829, at *2 (citations omitted); *see also Brown Univ.*, 166 F.Supp.3d at 180 ("This case concerns an issue that has been the subject of increasing attention and controversy, particularly in academia, and which has garnered much recent media and scholarly commentary: the manner in which colleges and universities handle allegations of sexual assault.").

In these types of cases, courts repeatedly have allowed plaintiffs to proceed under a pseudonym. *See, e.g., Univ. of Miss.*, 2018 WL 1703013 (plaintiff, who was issued long-term suspension after being accused of sexually assaulting another student, allowed to proceed pseudonymously in suit against university and certain of its officials); *Doe v. The Rector and Visitors of George Mason Univ.*, 179 F.Supp.3d 583 (E.D. Va. 2016) (plaintiff expelled for

violating student conduct code by engaging in nonconsensual sexual conduct allowed to proceed under pseudonym in case against university); *Colgate*, 2016 WL 1448829 (granting plaintiff's motion to proceed under pseudonym in case against university following his suspension after an investigation into allegations he sexually assaulted three students); *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (allowing plaintiff to proceed under a pseudonym in case against officials of James Madison University following disciplinary process in which plaintiff was found responsible for sexual misconduct and suspended); *Doe v. Univ. of the South*, 687 F.Supp.2d 744 (E.D. Tenn. 2009) (allowing plaintiff to proceed under pseudonym in plaintiff's case against the university following his punishment for sexually assaulting a female student).

Given the nature of the proceeding, and after considering the factors discussed above, the Court concludes that Plaintiff's privacy interest outweighs the presumption of openness in judicial proceedings. As such, Plaintiff may proceed anonymously in this case. The Court also finds good cause to protect Jane Roe's identity as well.

### III. Conclusion

Accordingly, for the reasons set forth above, Plaintiff's Motion to Proceed Under Pseudonym and for Protective Order (R. Doc. 2) is **GRANTED**. The Clerk's Office is instructed to enter the attached **Protective Order** into the record.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**JOHN DOE**                                                    **CIVIL ACTION**

**VERSUS**                                                       **NO. 20-379-BAJ-SDJ**

**LOUISIANA STATE UNIVERSITY, ET AL.**

## PROTECTIVE ORDER

**IT IS HEREBY ORDERED** that:

(a)  Plaintiff shall be permitted to proceed in this litigation using a pseudonym;

(b)  Plaintiff's accuser also will be referred to by a pseudonym in this litigation;

(c)  The real names of Plaintiff and his accuser shall be placed under seal, and a copy of that filing shall be served on Defendants in a manner other than through the Court's electronic filing system; and

(d)  Defendants, their employees, agents, and successors in office, including their attorneys, shall be prohibited from disclosing the real names of Plaintiff and/or his accuser without leave of the Court to anyone other than counsel of record in this litigation.

(e)  The parties shall confer regarding discovery procedures, including the terms of a proposed protective order, in order to ensure that Defendants are able to seek appropriate discovery regarding Plaintiff while still preserving his anonymity.

Signed in Baton Rouge, Louisiana, on June 30, 2020.

_____
**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**