## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| JOHN DOE | : |
| | : |
| VERSUS | : NO. 3:20-CV-00379 BAJ-SDJ |
| | : |
| LOUISIANA STATE UNIVERSITY, *et al.* | : |

### POST-HEARING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION

**MAY IT PLEASE THE COURT:**

Defendants, through undersigned counsel and in accordance with this Court's instruction on July 1, 2020, respectfully submit this Post-Hearing Brief in Opposition to Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction to address the issues of (1) irreparable injury and (2) application of the Governor's proclamation suspending legal deadlines to a university disciplinary proceeding.

### LAW AND ARGUMENT

To obtain a temporary restraining order and/or preliminary injunction, the Plaintiff bears the burden of clearly establishing that (1) there is a substantial likelihood that he will succeed on the merits, (2) there is a substantial threat that he will suffer irreparable injury if injunction is not granted, (3) the threatened injury to the plaintiff outweighs the threatened injury to the defendant, and (4) granting the preliminary injunction will not disserve the public interest.[1] The United States Fifth Circuit Court of Appeal has "cautioned repeatedly that a preliminary injunction is an extraordinary remedy which should not be granted unless the party seeking it has 'clearly carried

---

[1] *Canal Authority of Florida v. Callaway*, 489 F. 2d 567, 572 (5th Cir. 1974).

the burden of persuasion' on all four requirements."[2]

### A. Plaintiff has not established a substantial threat of irreparable injury.

"To satisfy the irreparable harm requirement, [p]laintiff[] must demonstrate that absent a preliminary injunction [he] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm."[3] This concept was explained by a sister court, the United States District Court for the Western District of Louisiana, in a case involving a student's expulsion from pharmacy school:

> In order for a harm to be considered irreparable for purposes of issuing a preliminary injunction, monetary damages must be inadequate to redress it. In this case, ULM had already expelled Pham at the time he brought this suit. Therefore, there is no threat of irreparable injury or reason to preserve the status quo because the status quo is not what is desired. This weighs against granting a preliminary injunction.[4]

In other words, "[t]he notion of irreparable injury [ ] only refers to harm that might occur pendente lite if the preliminary injunction is not granted."[5] As in *Pham*, Plaintiff in this matter has already been suspended from LSU. There is no threat of irreparable injury, and what Plaintiff seeks here is to upset, not preserve, the *status quo*.

Although Plaintiff has alleged speculative impacts to his professional football career, he has not alleged that his educational opportunities will be irreparably harmed. Plaintiff has not met his burden of establishing, in any way, irreparable harm to his alleged right to pursue post-

---

[2] *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir.2009) (quoting *Lake Charles Diesel Inc., v. Gen. Motors Corp.*, 328 F.3d 192, 195-96 (5th Cir.2003)).

[3] *Freedom Holdings, Inc. v. Spitzer,* 408 F.3d 112, 114 (2d Cir. 2005).

[4] *Pham v. Univ. of Louisiana at Monroe*, 194 F.Supp.3d 534, 548 (W.D. La.2016), *aff'd sub nom. Dung Quoc Pham v. Blaylock*, 712 Fed.Appx. 360 (5th Cir.2017).

[5] *Mountain Med. Equip., Inc. v. Healthdyne, Inc.*, 582 F.Supp. 846, 848 (D. Colo.1984) (citing *Spartacus, Inc. v. Borough of McKees Rocks*, 694 F.2d 947 (3d Cir.1982)).

secondary education. In *Doe v. Vassar College*,[6] a case with strikingly similar facts and issues to those before the Court here, the United States District Court for the Southern District of New York found that a student-athlete's one-semester suspension would not cause irreparable harm, because "the harms a plaintiff might suffer from a delay in graduation are quantifiable and can be adequately remedied by money damages, should the plaintiff prevail on the merits of his case."[7] Similarly, in *Phillips v. Marsh*, the United States Second Circuit Court of Appeal held that any damages resulting from delays to graduation or deferring the plaintiff's career "would surely be compensable by monetary damages."[8] LSU notes that Plaintiff has been temporarily suspended, not expelled. Plaintiff will not be prevented from resuming his studies at LSU after the suspension has concluded. Accordingly, if Plaintiff has a protected interest in pursuing higher education, this right has not been compromised, but simply delayed.[9]

Plaintiff primarily claims that, in denying the preliminary injunction, he faces a threat of being "branded a sexual predator." *Doe v. Vassar College* also addressed a plaintiff's claim that, as a result of his suspension, he would be labeled as a sex offender and have to explain the circumstances behind his suspension to future employers or graduate schools.[10] The court noted,

---

[6] 19-CV-9601 (NSR), 2019 WL 6222918, (S.D.N.Y. Nov. 21, 2019). Like Plaintiff here, the plaintiff in *Doe v. Vassar College* was a student-athlete with aspirations of playing his sport (soccer) professionally.

[7] *Id.* at *6 (citing *Phillips v. Marsh,* 687 F.2d 620 (2d Cir. 1982)).

[8] 687 F.2d 620, 622 (2d Cir.1982).

[9] Courts have expressed contrary views on whether the interruption of academic work could potentially cause irreparable harm. Compare *Boehm v. Univ. Pa. Sch. Veterinary Med.*,392 Pa.Super. 502, 573 A.2d 575, 586 (Pa.Super.Ct.1990), *app. denied*, 527 Pa. 596, 589 A.2d 687 (Pa.1990) (finding no showing of irreparable harm where two veterinary students were suspended for a year and given permanent transcript notations for cheating on examinations) with *King v. DePauw Univ.*, No. 14-70, 2014 WL 4197507 (S.D. Ind. Aug. 22, 2014) (finding that a student would likely suffer irreparable harm if his suspension was not enjoined because it would cause "either a gap or a senior-year transfer on his record"). Plaintiff in this case has not claimed any harms related to his academic endeavors; rather, Plaintiff has alleged delays to his football career.

[10] 19-CV-9601 (NSR), 2019 WL 6222918, (S.D.N.Y. Nov. 21, 2019).

however, that under the Family Education Rights and Privacy Act ("FERPA") the plaintiff's disciplinary record was protected from disclosure without his consent. The court further explained that "Plaintiff's broad assertion that he will be harmed by having to explain his suspension…is too speculative to warrant injunctive relief, since he has identified no plans to attend any graduate school or pursue any specific career besides professional [sports], and Plaintiff does not claim that his potential employers in that area have any interest in his completion of a college degree, let alone his suspension for one semester."[11] Accordingly, Plaintiff will not suffer irreparable harm in the form of being "branded a sexual predator" should his suspension remain in place pending trial on the merits.

In addition, the recent Fifth Circuit decision in *Plummer v. University of Houston*[12] does not support a finding of irreparable harm. Footnote 10 of the *Plummer* dissent references several out-of-circuit district court cases regarding the stigma of being found responsible for sexual misconduct.[13] The *Plummer* decision, however, did not involve the issuance of a preliminary injunction and therefore involved no analysis on the issue of irreparable harm. The case was decided on summary judgment, and the Fifth Circuit affirmed the district court's ruling, holding that the disciplinary proceedings did not violate the plaintiffs' due process rights. To the extent Plaintiff relies on out-of-circuit district court decisions to support his position that there is a risk of irreparable harm, LSU suggests to the Court that the above-referenced *Doe v. Vassar College* decision is factually and procedurally more similar to this case.

  **B. Governor's Executive Order**

---

[11] *Id.* at *8-9.
[12] 860 F.3d 767 (5th Cir.2017), as revised (June 26, 2017).
[13] *Id.* at 782, n.10 (Dissent, J. Jones).

2365075v.2

- 5 -

Plaintiff relies on the Governor's Proclamation suspending legal deadlines in support of his assertion that he was denied due process. In light of the COVID-19 pandemic, Louisiana Governor John Bel Edwards issued a series of proclamations suspending "[l]egal deadlines, including liberative prescription and peremptive periods, applicable to legal proceedings in all courts, administrative agencies, and boards…"[14] However, the proclamations further provided that "[a]ny state department or agency or political subdivision is hereby granted authority to further extend any non-essential deadline for a period of no longer than 30 days if deemed necessary to respond to the threat of COVID-19."[15] This provision, found within each of the relevant executive proclamations, establishes that LSU *had discretion* to extend a non-essential deadline if it deemed such an extension to be necessary. LSU, which has been responding to the threat of COVID-19 since March, did not think it needed additional time in this matter. The Governor's proclamation did not require LSU to extend its deadlines; it merely gave LSU flexibility if it had needed to do so.

Moreover, Plaintiff has not pleaded, much less produced evidence, that the threat of COVID-19 prevented him from timely requesting a University Hearing Panel ("UHP"). He never even attempted to request an extension to respond in spite of accessing the letter notifying him of the time delays multiple times. Plaintiff has not pled or produced evidence that he actually relied on the Governor's order. Thus, Plaintiff's argument regarding the impracticality of rigid deadlines is purely theoretical. Plaintiff has not alleged any COVID-19-related circumstances for needing

---

[14] Proclamation 2020-30, issued on March 16, 2020 and effective to April 13; Proclamation 2020-41, signed on April 2 and extending the suspensions until April 30; Proclamation 2020-52, issued on April 30 and extending the suspensions until May 15; Proclamation 2020-59, issued on May 14 and extending the suspensions to June 5; and Proclamation 2020-75, signed on June 4 and extending suspension of deadlines to June 15 and suspension of prescription/peremption to July 5.

[15] *E.g.,* Proclamation 2020-41, section K.

additional time to reply. It is Plaintiff's burden to demonstrate a likelihood of success on the merits of his due process claim, and he has not pled or demonstrated how the COVID-19 pandemic or the Governor's order actually played any role in his failure to act timely. Clearly LSU had discretion and a strong interest in proceeding with the student disciplinary proceedings to bring finality to the students involved.

## CONCLUSION

Plaintiff bears the burden of proving a likelihood of success on the merits, a substantial threat of irreparable injury, no disservice to the public, and a balancing of interests favoring Plaintiff. For the foregoing reasons, Plaintiff has failed to carry his burden of establishing his likelihood of success on the merits and a substantial threat of irreparable harm. Plaintiff's failure to carry the burden of persuasion on all four elements precludes the requested injunctive relief.

TAYLOR, PORTER, BROOKS & PHILLIPS L.L.P.

By: /s/ David J. Shelby, II
Vicki M. Crochet, Bar #4614
David J. Shelby, II, Bar #22614
Robert W. Barton, Bar #22936
Leah C. Cook, Bar #37641
450 Laurel Street, 8th Floor (70801)
P.O. Box 2471
Baton Rouge, LA 70821-2471
Telephone: (225) 387-3221
Facsimile:  (225) 346-8049
Email: vicki.crochet@taylorporter.com
david.shelby@taylorporter.com
bob.barton@taylorporter.com
leah.cook@taylorporter.com

Attorneys for Defendants